LUCIA PALUMBO *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Worcester. September 23, 1936. — January 7, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance,* Disability. *Words,* "Disease."

If one, insured by a policy providing benefits upon disability resulting from "disease occurring and originating after the issuance" of the policy, had hypertrophic arthritis prior to its issuance, he could not recover even though he had been "symptom-free" and did not suffer bodily discomfort and was not disabled until after the issuance of the policy.

CONTRACT. Writ in the Superior Court, originally brought by Antonio Palumbo, dated November 3, 1934.

By amendment, Lucia Palumbo, wife and assignee of the insured, was substituted as plaintiff in place of her husband.

The action was heard without a jury by *Baker,* J., who found for the plaintiff in the sum of $561.35. The defendant alleged exceptions.

*G. R. Stobbs, L. E. Stockwell, & R. M. Stobbs,* for the defendant, submitted a brief.

*M. J. Rubin,* (*J. C. McDonald* with him,) for the plaintiff.

CROSBY, J. This is an action to recover certain disability benefits from August 27, 1934, to the date of the writ, provided for by a rider, so called, attached to each of two policies of life insurance issued by the defendant. One of the policies was issued October 26, 1927, and the other September 11, 1928. Both of these supplementary contracts provided (1) waiver of payment of each premium falling due under said policy and this supplementary contract, and (2) payment of certain monthly amounts, upon the insured's becoming "totally and permanently disabled,

as a result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit," these benefits to continue as long as the insured remained unable to engage in any kind of work for compensation or profit. The case was heard by a judge of the Superior Court.

There was evidence that in July, 1929, the insured had to give up his work as a result of a disease known as hypertrophic arthritis which seriously affects the joints of the body and is usually progressive in nature; that from that date until August 27, 1934, the defendant approved the insured's claim under the riders and uninterruptedly paid the monthly amounts described in the riders; that on September 6, 1934, the insured was notified by the defendant that he would no longer receive any payments under the policies, as a recent medical examination indicated that his disability was neither total nor permanent.

The defendant admits that the disability of the insured could be found to be complete and permanent, but contends that it resulted from a "disease occurring and originating" before the issuance of the respective policies on October 26, 1927, and September 11, 1928. That this contention is open to the defendant has already been decided by this court. *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35. In all the expert testimony no evidence can be found that the disease finally causing the disability first appeared after the policies were issued. Six physicians were called as witnesses; four were of opinion that the insured must have suffered from the disease before the dates of the policies, and the other two expressed no opinion upon this question. The testimony of the insured alone, to the effect that he had no trouble until July, 1929, tends to show that hypertrophic arthritis appeared after the year 1928. There was a general finding for the plaintiff. The case is before this court on exceptions to the refusal of the trial judge to make certain rulings requested by the defendant. No question is raised by the defendant as to the filing of proper written proofs of disability, or the

failure to pay premiums. The defendant relies solely upon its contention that the insured's disability arose out of a disease originating before the issuance of the policies.

At the close of the evidence the defendant filed certain requests for rulings. The fifth request was "That within the meaning of the policies in suit, a disease is 'any deviation from the healthy or normal condition of any of the functions or tissues of the body.'" This ruling was made by the judge "in so far as it is not qualified by the following: The word 'disease' means an active or efficient deviation from the healthy or normal condition of any of the functions or tissues of the body; an abnormal alteration of the state of the body or of some of its organs which interrupt or disturb the performance of the vital functions, and result in pain or weakness." The judge's definition of a disease was erroneous. A disease may exist without pain or weakness; even if it be assumed that the insured was afflicted by progressive hypertrophic arthritis before 1927, under the ruling of the judge the insured could not be found to have had a "disease" before July, 1929, if he felt no ill effects until that time. This result is not in accord with the layman's idea of disease, which is satisfied if the abnormal alteration causes or threatens pain or weakness. *Order of United Commercial Travelers of America* v. *Nicholson,* 9 Fed. (2d) 7, 14. It was said in *Meyer* v. *Fidelity & Casualty Co. of New York,* 96 Iowa, 378, 385, that "by the use of the word 'disease' we desire to convey the impression of a morbid condition, resulting from some functional disturbance or failure of physical function which tends to undermine the constitution. We do not, as a general rule, apply . . . [the] term to a slight and temporary disorder, or to the imperfect working of some function, which is over in a short period of time, and which, when recovered from, leaves the body in its normal condition. In using . . . [the word], we do not, as a rule, refer to a slight and mere temporary disturbance or enfeeblement. If this is true of our ordinary speaking and writing it is certainly clear that the . . . [word] should be given no broader meaning when we find . . . [it] used by an insurance

company in a clause of its policy which it relies upon to defeat a recovery thereon." It is true that "Where the language permits two rational interpretations, that more favorable to the interests of the insured is to be taken." *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 511. The insurer is entitled to have the commonly accepted definition of the word used as a basis for decision. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 343, 344. *Trustees of Thayer Academy* v. *Corporation of the Royal Exchange Assurance of London*, 281 Mass. 150, 155. It is plain that a man, who, although he appears to be in sound health, may suffer pain or weakness or may suddenly die without suffering in any way as a direct result of some abnormal condition of his body, has, in the common speech of persons, a "disease." The ruling made by the trial judge impliedly denies this possibility.

The second, third and fourth requests filed by the defendant were as follows: "2. That if the insured during the period covered by this suit was disabled from hypertrophic arthritis which originated prior to the issuance of the policy but did not disable the insured until after the issuance of the policy, then the plaintiff is not entitled to recover. 3. That if the insured had hypertrophic arthritis prior to the issuance of the policies but was symptom-free, the plaintiff still cannot recover. 4. That if the insured prior to the issuance of the policies had definite proliferative changes in the joints of his body known as hypertrophic arthritis, which did not give him bodily discomfort or disability until after the issuance of the policy, the plaintiff cannot recover if the insured's disability today is a result of that disease known as hypertrophic arthritis." These requests were denied.

The requested rulings related to the disease known as "hypertrophic arthritis" described in the testimony, and not to a tendency or predisposition to such disease. See *Leland* v. *Order of United Commercial Travelers of America*, 233 Mass. 558, 564; *Silverstein* v. *Metropolitan Life Ins. Co.* 254 N. Y. 81, 84. As applied to such a disease they stated the law correctly and had a material bearing on the

issue of fact which was being tried. We cannot say that the denial of these requests was not prejudicial to the defendant.

As the modification of the fifth request and the denial of the second, third and fourth requests were erroneous the entry must be

*Exceptions sustained.*