Hibbard, P. J.
This is an action of contract in which the plaintiff seeks to recover indemnity for loss of time by reason of illness under an accident and health policy issued to him, hy the defendant.
The answer is a general denial.
The material part of the policy reads as follows:
“Part 1 — The Insuring Clause: ‘This policy insures against — loss from DISEASE contracted during the life of this policy and after it has been maintained in continuous force for thirty (30) days from its date, disease so contracted being hereinafter referred to as “illness” — as hereinafter limited and provided.’ ”
There was little if any dispute in the evidence. It tended to show that the plaintiff applied for a policy of accident and health insurance and such was issued dated March 8, *339 1939. It became effective as of that date. The policy insured against loss from disease in the terms above quoted. At the time the policy was issued, the plaintiff had a pilonidal cyst at the base of the spine which had existed from birth. About September 10, 1939, the plaintiff felt pain at the base of his spine and on September 22, 1939 entered á hospital for an operation on the cyst, which operation was performed on September 23, 1939.
Thereafter he was prevented from performing his duties to the end of October, 1939. The hospital records admitted in evidence showed upon his admission he had been suffering from a slight discharge from a pilonidal cyst, that about a year or two prior thereto the plaintiff had an abscess at the base of the spine which was incised and drained and was apparently due to the infected pilonidal cyst. At the time the patient was admitted on September 23rd an operation was performed on him for radical excision of the cyst and sinus tract. The report in speaking of this operation includes the following phrase:
“Skin showed well healed incision where abscess had been opened sometime ago, the opening through the sinus was pinpoint in size and admitted probe a distance of one inch, no gross evidence of infection.”
There was further evidence that subsequent to the draining of the abscess two years prior to the date of the policy and until September, 1939, the plaintiff suffered no ill effects from the cyst, being apparently in good health and worked without interruption.
There was evidence that the defendant had no knowledge that the plaintiff had the cyst, of the prior draining thereof or of the prior operation before the issuance of its insurance but that the plaintiff knew it was the same thing he was suffering from in both cases and knew of the existence of the cyst at the time the policy was procured.
*340 The plaintiff seasonably filed six requests for rulings. The first, second and sixth were denied. These were as follows:
“1. Upon all the law and evidence, the plaintiff is entitled to recover on policy because the plaintiff’s disease was contracted during the life of the policy and after it had been maintained in continuous force for 30 days from its date.”
“2. Upon all the law and evidence, the plaintiff is entitled to recover because it gave notice in writing to an authorized agent of the defendant within 10 days after the commencement of disability or as soon as was reasonably possible.”
“6. If the defendant seeks to avoid the policy, plaintiff is entitled to a return of the premiums with interest and may recover same in this action.”
In denying the first and second requests, the Court stated its action was due to the facts found to the contrary by it. The sixth request was denied because a count for the recovery of the premium was not found in the Plaintiff’s Declaration.
, The Court found for the defendant and filed the following special finding of fact:
‘ ‘ The Court specially finds that although the plaintiff did not give notice in writing of his sickness to the defendant within ten days after the date he claimed his disability to have commenced, which was a condition precedent to recovery under the policy, nevertheless the conduct of the defendant constituted a waiver of the requirement in regard to the time within which written notice of sickness should be given.
“The Court further finds that the policy insured against loss from disease contracted during the life of the policy and after it had been maintained in continuous force for thirty days from its date; that the policy was issued and became effective March 8, 1939; that at the time the policy was issued the plaintiff had a cyst which he had had from birth; that two years before it had caused him severe pain and his doctor had *341 drained it of infection; that the plaintiff’s loss from disease for which he seeks to recover in this action was caused by this congenital cyst; that his loss was not from a disease contracted by him during the life of the policy and the plaintiff is not entitled to recover thereunder.
‘ ‘ The Court further finds that as the defendant failed to attach to the policy a correct copy of the application, it was prevented from relying on misstatements contained therein as an additional defense.”
The plaintiff claiming to be aggrieved requested a report.
The first request called for a finding of fact, namely as to whether or not the plaintiff’s disease was contracted during the life of the policy and after it had been maintained in continuous force for thirty days from its date.
The Court specifically found as a fact that the illness for which the plaintiff sought to recover had its inception prior to the issuance of the policy. We cannot disturb this finding unless there was some error of the judge in the manner in which he dealt with the requests for rulings of the parties as the correctness of these rulings is the only question presented by the report. Himmelfarb v. Novadel Agene Corp., 305 Mass. 446.
The second request was properly denied because the Court found as a fact that although the notice in writing of the sickness under the policy was not given, the conduct of the defendant constituted a waiver of the requirement in regard to the time in which written notice of sickness should be given. The plaintiff was not prejudiced by this denial.
The sixth request was properly denied for the reason stated by the Court.
The plaintiff contended at the bar that even though the cause of plaintiff’s illness was a congenital cyst, there was no illness causing disability within the meaning of the insuring clause until the plaintiff became actively disabled with consequent loss of time from his usual occupation. This *342 contention cannot be maintained in view of the language of the Court in Palumbo v. Metropolitan Life Insurance Company, 296 Mass. 358.
We find no prejudicial error in the rulings complained of or in the finding by the Court and the report must be dismissed.