## Erskine v. Glens Falls Indemnity Company

*John D. Gresimer*, for plaintiff.
*Edward J. Blatt*, for defendant.

HIPPLE, P. J., May 26, 1951.—In this case preliminary objections, in the nature of a demurrer, were filed by defendant to a complaint in assumpsit.

The complaint alleges that plaintiff is a resident of Shippen Township, Cameron County, Pa. On or about

February 11, 1949, he entered into an insurance contract with defendant, a New York corporation, designated as a "Residence and Outside Theft Policy", covering the theft of various items of personalty, including jewelry, from plaintiff's home, outbuildings and grounds in Shippen Township.

On or about August 4, 1949, plaintiff's wife, Edith E. Erskine, was wearing a diamond ring, which she owned. While she was feeding a horse on the insured premises, the horse plucked the diamond from the ring with its teeth. Immediately thereafter, she and other persons "searched the mouth, teeth, throat and head, and other parts of the said horse; but the said Edith E. Erskine did not find the said ring, nor was the same delivered to her by any other person".

In paragraph 15 the complaint alleges that plaintiff expects to prove that the stone then and there fell to the ground.

In paragraph 16 it is alleged that Edith E. Erskine, herself, and other persons examined the ground whereon the horse was standing at the time the stone was plucked from its setting, and further examined all ground where the stone could have been dropped, tossed or thrown by the horse, and all parts of the surface of such ground.

Paragraph 17 alleges:

"The said Edith E. Erskine did not then nor has she at any time since been able to find the said stone, nor has the same been delivered to her by any other person; nor has the Plaintiff found the same nor has it been delivered to him by any other person, and the said stone did then and there disappear mysteriously."

Plaintiff claims from defendant the value of the stone, alleged to be $1,000.

Defendant's preliminary objections are that the complaint states no cause of action because the facts alleged do not show a theft under the definition of that word in the insurance policy. The definition is this:

"(b) Theft. The word 'theft' includes larceny, burglary, and robbery. Mysterious disappearance of any insured property, except a precious or semiprecious stone from its setting in any watch or piece of jewelry, shall be presumed to be due to theft."

The complaint does not allege larceny, burglary or robbery. It merely states in paragraph 17 that under the facts previously stated "the said stone did then and there disappear mysteriously". Defendant contends that as a matter of law no "mysterious disappearance" occurred, and even if it did the exclusion clause in the definition of theft, excepting the mysterious disappearance of precious stones from settings, bars plaintiff from the use of the presumption of theft. Having no other grounds for recovery, defendant contends that judgment should be entered against plaintiff.

Under the allegations in plaintiff's statement, the exclusion provision of the mysterious disappearance clause does bar plaintiff from the use of the presumption of theft. However, this does not mean that plaintiff should not be given an opportunity to prove that a theft occurred in fact. The mysterious disappearance clause is merely a rule of evidence, agreed to by the parties to the policy, that where a mysterious disappearance is shown by the insured, the burden is then upon the insurer to show that such disappearance was not due to theft. The clause shifts the burden of proof in certain cases, but gives the insured no additional substantive rights. If an insured fails to prove a mysterious disappearance, he merely loses the advantage of the presumption, and the burden of proof remains with him to show a theft in fact.

No Pennsylvania case can be found construing a case of this nature, but a somewhat similar case is found in Davis v. St. Paul Mercury & Indemnity Company, 227 N. E. 80, 40 S. E. (2d) 609. The difference between that case and this lies in the fact that the

definition of the word "theft" in the policy there under consideration does not have the exclusion clause as in the policy here in suit. The facts there were that plaintiff put some money in his pocket, went on a fishing trip with a friend, the boat in which they were sitting capsized, and plaintiff was thrown in the water. After recovering his tackle, poles and other articles of personal property which were in the boat, he went ashore and after coming from the lake for the first time since he left home, he felt for his money and discovered that in some manner it had disappeared. The case was remanded by the Supreme Court of North Carolina for a new trial, because under the issues submitted, the jury found the existence of the presumption of theft, but did not find as a fact that there had been a theft or a larceny, and therefore it was for the jury to determine, not that a presumption existed, but to find specifically that the money was or was not stolen.

In this case plaintiff loses the advantage of the presumption of theft, because the mysterious disappearance clause, by its own terms, does not apply to a loss of precious or semiprecious stones from a setting in watches and pieces of jewelry. Plaintiff argues that the stone here did not mysteriously disappear from its setting but disappeared immediately *after* it was known to have been removed from its setting by the horse, and therefore the exclusion clause does not apply. This argument cannot prevail, for if a stone had become loose from its setting and was being kept by an insurer in a known place, its disappearance would no doubt be covered by the policy. However, when a stone is plucked from its setting in the presence of the owner, as alleged in the complaint, and is not found, the exclusion clause applies. The mere fact that the insurer knew of the time of or the approximate location of the loss of the stone is irrelevant.

In paragraph 17 of the complaint the allegation is made that under the facts previously stated, the stone "did then and there disappear mysteriously". This amounts to no more than an allegation of an inference from the facts previously set forth. If plaintiff can cure the defects in the complaint by amendment thereof, it is the duty of the court, as in all cases wherein a better statement would set forth a good cause of action and can be furnished, to give plaintiff an opportunity to file an amended statement. Although the complaint does not allege a theft, there is a possibility that theft may have occurred in this matter. Therefore, plaintiff should be permitted to file an amended complaint if he so desires.

The complaint does not clearly disclose that plaintiff is without a cause of action or that he cannot make a good cause of action, if permitted to amend. The demurrer will be sustained and plaintiff granted leave to file an amended complaint.

### Order

Now, May 26, 1951, the preliminary objections are sustained, with leave granted plaintiff to file an amended complaint within 20 days from the date hereof, otherwise judgment to be entered against plaintiff in favor of defendant.