*Municipal Court of the City of Boston*

No. 397540

**CHARLES RICHARD SCHUELER**

**v.**

**GREAT AMERICAN INDEMNITY COMPANY**

(December 21, 1955)

*Adlow, C. J.* Action of contract to recover from an insurer under a theft policy for the loss of a gold bracelet. All notices and proofs of loss required by the policy were given. *The sole question raised by this report concerns the proof required under this policy to entitle the assured to recover for a loss.* Pertinent to the inquiry is a provision of the policy in dispute which provides that "theft includes larceny, burglary, and robbery. Mysterious disappearance of any insured property — shall be presumed to be due to theft." The case was tried before *Shamon, J.*

There was evidence that in July, 1954, the assured and his wife left their home in Newton, Massachusetts, and went by automobile to a party in Cohasset. The party was attended by about eighty people, some of whom were friends and others strangers to the

assured. Later in the evening the assured and his wife returned to their home in Newton, at which time the assured's wife discovered that a gold bracelet which she had worn on leaving for the party in the afternoon, and which she had noticed on her wrist while en route to the party, was missing. On the following day they retraced their steps of the previous day and searched carefully for the bracelet, but in vain. There was evidence that the clasp on the bracelet was loose.

On this evidence the court ruled that there was sufficient evidence to warrant a finding that there was a "mysterious disappearance" of the bracelet, but refused to rule as requested by the plaintiff that there was sufficient evidence to warrant a finding that a loss by theft had occurred. There was a finding for the defendant.

It is unnecessary to state all the rulings of law and findings of fact made by the court. It is sufficient for our purposes to note that the court found in part that although the plaintiff proved that a "mysterious disappearance" of the bracelet took place he still had the burden of proof that such a mysterious disappearance was a theft. To test the validity of this ruling and of the findings predicated upon it, we must first ascertain from the contract the extent of the insurer's undertaking. What did the parties mean by "mysterious disappearance" when they incorporated the term in their agreement? When they said "shall be presumed" in what sense did they use the expression?

The "mysterious disappearance" clause is comparatively new to the business of theft insurance. So far as we are aware there is only one decision of a higher court in the United States construing this clause: there are no decisions construing it in this Commonwealth. It becomes necessary, therefore, to ascertain the intention of the parties with respect

to this clause from the language used and to construe it with a view to carrying out this intention.

In its simple and literal sense "mysterious disappearance" as used in this policy embraces any loss or disappearance under puzzling or baffling circumstances. *Davis v. St. Paul Mercury & Indemnity Co.*, 227 N.C. 80; 169 ALR 220. No mere loss would suffice to meet this test. It must occur under circumstances sufficient to arouse suspicion and to suggest the possibility of theft. Proof of a "mysterious disappearance" requires proof of more than mere loss and of less than actual theft. Many situations are conceivable where a loss could not be labelled a mysterious disappearance. On the other hand, a great many losses occur under circumstances suggestive of misappropriation by outsiders. The exact evidence necessary to prove the theft may not be at hand, but there may be ample proof to warrant a suspicion that a larceny has been committed. Keeping in mind, therefore, that "mysterious disappearance" has a significance equal to that of "loss" or "theft", and is a fact to be determined in the same manner as would "loss" under a loss policy or "theft" under a theft policy, of what significance is a finding of "mysterious disappearance" under this policy?

It is claimed by the insurer that a finding of "mysterious disappearance" has only evidentiary significance and that whatever presumption it creates is rebuttable. If this is so the clause adds nothing to the contract that was not available to the assured under a theft policy prior to the incorporation of the mysterious disappearance clause in it. If the burden still continues on the assured to prove loss by theft then this clause is devoid of significance. To so construe it would render it meaningless, and would violate a basic rule of construction. *Ferguson v. Union Mut. Ins. Co.*, 187 Mass. 8.

In which category does the presumption raised by this agreement belong? Is it conclusive on the parties

or rebuttable? In the first place it would appear that if the insurer who drew this contract had intended or desired to limit the effect of this presumption to an evidentiary character it would have expressly stated that a "mysterious disappearance" constituted *prima facie* evidence of a loss by theft. Having remained silent on the matter, the equivocal situation suggests that we fall back on a familiar rule of construction which provides that in the interpretation of insurance contracts, where language permits two rational interpretations, that interpretation more favorable to the interests of the assured is to be taken. *Koshland v. Columbia Ins. Co.*, 237 Mass. 467, 471; *Rezendes v. Prudential Ins. Co.*, 285 Mass. 505, 511. Having drafted the contract and chosen the language employed in it, the insurer cannot now be heard to complain if the assured insists on the full and complete benefits of the presumption.

Considerations more basic and less technical must lead us to the same conclusion. When we speak of presumptions, be they conclusive or rebuttable, we are speaking of terms of art peculiar to legal learning. However, we must first answer the question, did the parties when they used the expression "to be presumed" in their contract use it in its legal or literal sense? In construing a contract the parties are entitled to have the commonly accepted meaning of the word used as a basis of decision. *Palumbo v. Met. Ins. Co.*, 296 Mass. 358, 361. In its literal sense "presume" means "to suppose to be true without examination or proof." In other words, "to take for granted." See Webster's New International Dictionary (2nd Ed.). In this sense "presumed" should suffice to excuse further proof. Thus construed the ultimate fact which the assured must prove in order to recover under this policy is not the theft but the mysterious disappearance. Proof of theft is excused or taken for granted. See concurring opinion of Mr. Justice Alexander, in *Caldwell v. St. Paul Mercury Ind. Co.*, 210 Miss. 320.

From the above it is clear that the burden of proof which the assured had to meet was only with respect to convincing the court that there had been a "mysterious disappearance". While there was evidence to warrant a finding of mysterious disappearance, the court did not have to so find. Even when a loss occurs under suspicious circumstances, the probe may uncover facts which allay suspicions and negative possibilities of theft. This contract does not compel a finding of mysterious disappearance under any circumstances. However, once the court has found that the assured had sustained the burden of proving a mysterious disappearance, further proof of theft is excused, and the assured is entitled to recover for his loss.

The court refused to rule in accordance with the above in the cause in issue. Apparently the court followed the rule laid down in *Davis v. St. Paul Mercury & Ind. Co.*, 227 NC 80. We cannot agree with its reasoning or its conclusions. To accept them is to deprive the "mysterious disappearance" clause of meaning and significance. While it is apparent from the record that the evidence would have well justified the finding of the court for the defendant we cannot disregard the assured's right to have the issue determined on the basis of a proper construction of the policy.

*Finding for defendant vacated. New trial ordered.*

Jerome E. Anderson, Jr., for the defendant.

Jas. Murray Howe, for the plaintiff.