**Earl B. JOHNSON et ux., Appellant,**

**v.**

**GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, Limited, Appellee.**

**No. 4906.**

Court of Civil Appeals of Texas, Waco.

May 7, 1970.

Rehearing Denied June 4, 1970.

Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, O. Glen Stanley, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs insured, from a take nothing judgment, in a suit on a "Homeowners Policy", issued plaintiff by defendant.

Plaintiffs sued defendant insurance company, alleging defendant issued them a policy insuring them against loss by "theft * * * and mysterious disappearance"; that plaintiff, Elizabeth Johnson was the owner of a Hamilton diamond wrist watch, of a value of $750., which on or about February 27, 1969 mysteriously disappear-

ed; that proof of loss was timely filed with defendant; that defendant has failed to honor its obligation under its policy.

Defendant answered by general denial; asserted plaintiffs' loss not within the coverage of its policy; and asserted alternatively, that its limit of liability is $500.

Trial was before the court without a jury, which rendered judgment on November 14, 1969 that plaintiff take nothing.

The trial court filed findings and conclusions, pertinent of which are:

### Findings of Fact

1) Defendant is an insurance corporation and issued its policy to plaintiffs, which was in force and effect at time of plaintiffs' loss.

3) Plaintiff on February 27, 1969 was owner of a Hamilton diamond wrist watch.

4) The value of the watch was $750. but the limit of defendant's liability in its policy was $500.

5) That on February 27, 1969 between 8:00 and 9:00 o'clock A.M. plaintiff took her daughter to school and then went shopping at a Tom Thumb grocery. During this interval of time, the watch disappeared and she does not know what happened to it and has not seen it since then.

6) Plaintiffs timely filed proof of loss.

### Conclusions of Law

The above mentioned loss was not a peril insured against by defendant, hence defendant is not liable to plaintiff.

Plaintiffs appeal contending the trial court erred in its conclusion that the loss of the watch was not a peril insured against by defendant.

Pertinent provisions of the policy provide:

"Coverage B—Unscheduled personal property, owned, worn or used by insured, including members of his family * * *.

"Perils insured against * * *

"Unscheduled Personal Property as described and limited under coverage B is insured against loss by: * * *

"Theft, * * * and mysterious disappearance."

The policy does not define the term "mysterious disappearance". Such term appeared for the first time in policies of insurance in 1943.

We have found no Texas cases defining "mysterious disappearance", but there are cases from other jurisdictions which do this.

The Supreme Court of North Carolina (1946) in Davis v. St. Paul Mercury and Indemnity Co., 227 N.C. 80, 40 S.E.2d 609 defined "mysterious disappearance" as "any disappearance or loss under unknown, puzzling or baffling circumstances which arouse wonder, curiosity, or speculation, or circumstances which are difficult to understand or explain. A mysterious disappearance is a disappearance under circumstances which excite, and at the same time baffle, wonder or curiosity."

Such definition is quoted and followed in Claiborne v. U. S. Fire Ins. Co. (1966), Ct.Appls.La., 193 So.2d 315; Caldwell v. St. Paul Mercury & Ind. Co. (1950), 210 Miss. 320, 49 So.2d 570; Loop v. U. S. Fidelity & Guaranty Ins. Co., Ct.Appls.La., 1953, 63 So.2d 247; Deckler v. Travelers Ind. Co., Ct.Appls.La., 1957, 94 So.2d 55; Black Law Dictionary, 4th Edition, 1173. Sigel v. American Guarantee & Lia. Ins. Co., 1953, 173 Pa.Super. 434, 98 A.2d 376.

We think finding of fact 5 brings the loss of plaintiffs' watch within the policy coverage of "mysterious disappearance", as defined by the cited cases.

Plaintiffs' contention is sustained. The trial court should have rendered judgment for plaintiff.

The judgment of the trial court is reversed and judgment rendered for plaintiffs for $500. (with interest at 6% from November 14, 1969).