## GREAT AMERICAN INS. CO. v. WEYL et al.

No. 6407.

Circuit Court of Appeals, Third Circuit.

Jan. 6, 1938.

---

Murdoch K. Goodwin and Arthur Littleton, both of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for appellant.

Philip W. Amram, of Philadelphia, Pa. (Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

As said by the trial judge, "The case is out of the ordinary." The proofs show that on December 29, 1928, the plaintiff, in consideration of $287.50 premium, issued its policy of insurance for $17,500 to Mrs. Linda Saller, covering specified jewelry "against all risks of loss or damage during transportation (including all risks

of loss or damage caused by breakage, fire and theft) or otherwise, except the risk of war and risks of contraband or illicit trade." The policy also provided: "We also agree to turn over to said insurers, any such recovery which may be made, or reimburse said insurers in full to the extent .of . the payment for such property which may be recovered." On June 18, 1929, Mrs. Saller reported to the company the loss of her insured jewelry. On October 4, 1929, she served proofs of loss on the company and claimed $15,000 as her loss. In said proofs this statement was made: "Special Conditions Upon payment of this claim I agree to refund to the company funds paid for any of articles involved if found and returned to me in good condition within one yr. from the date." It also appeared in her proofs of loss that "the defendant advised plaintiff that the jewelry, enclosed in a small package, had been placed by her on the mantlepiece of the room of her son-in-law, Mr. Julius Weil, with whom the defendant at that time was residing at Church Road and Cedar Road, Elkins Park, Pennsylvania, and that she at the same time instructed Mr. Julius Weil to place it in his safe deposit vault; that thereafter the jewelry disappeared." Thereafter the company investigated and, being satisfied, paid Mrs. Saller $15,000. Some six years later the diamonds were discovered in the safe of her son-in-law, where apparently they had been placed instead of in a safe deposit box. On their discovery, the company was notified, and Mrs. Saller offered to return the diamonds to the insurance company. This offer was declined, and the company brought suit against her to recover the $15,000 theretofore paid her. On hearing the case on statement of claim and affidavit of defense, the judge held with defendant and entered judgment for defendant, whereupon the insurance company took this appeal.

After argument and consideration had, we find no error. No question of fraud is involved. The disappearance of the jewelry constituted a loss, and the payment of the claim by the company after investigation and the agreement of the insured to repay if the property "is found and returned" was a settlement of the respective rights of the parties, and the law is not inclined to set aside settlements once made. The property was not found within the stipulated time, but five years thereafter. Clearly there was no obligation on the part of the insured to pay back the money five years after its receipt. If the insured was under obligation to pay it back, no one could safely accept money paid for a loss. While the case of United States v. Hart, 3 Cir., 90 F.2d 987, is different in its facts from the present one, the same principle underlies both. We had there the question of the recovery of money mistakingly paid, and we said: "As we view the cases, the right to recover back money voluntarily or mistakingly paid turns on the fact of whether a defendant is in equity and good conscience obligated to return such fund."

So holding, we find no error in the court below, and its judgment is affirmed.