A. C. DAVIS v. ST. PAUL MERCURY & INDEMNITY COMPANY.

(Filed 18 December, 1946.)

**1. Insurance § 60—**

A provision in a policy of theft insurance that mysterious disappearance of property insured shall be presumed to be due to theft binds the parties to a rule of evidence so that proof of the myterious disappearance of insured property raises a rebuttable presumption that it was stolen, and insured is not required to introduce evidence excluding the probability that the property was mislaid or lost or evidence of circumstances pointing to larceny as a more reasonable hypothesis.

**2. Same—**

In an action on a policy of theft insurance which provides that mysterious disappearance of property insured shall be presumed to be due to theft, any evidence tending to show that the property was lost or mislaid

or that its disappearance was not due to theft, should be considered by the jury as evidence tending to rebut the presumption of theft arising from proof of the mysterious disappearance of the property.

**3. Same—**

    In an action on a policy of theft insurance, the burden of proof remains at all times upon insured to prove that property insured was stolen, aided by any rule of evidence or presumption arising under the terms of the insurance contract.

**4. Same—**

    In this action on a policy of theft insurance which provided that the mysterious disappearance of insured property should be presumed to be due to theft, plaintiff's evidence tended to show that while on a fishing trip with a friend, the boat capsized, and that when he emerged from the lake, he discovered that his money had disappeared from his pocket. *Held:* The evidence was sufficient to be submitted to the jury upon the issue, and the refusal of insurer's motion to nonsuit was without error.

**5. Same—**

    In an action on a policy of theft insurance which provides that mysterious disappearance of property insured shall be presumed to be due to theft, the submission of an issue as to whether insured's property mysteriously disappeared is error, since the issue relates only to the existence of the presumption and not to the fact of larceny or theft, and is insufficient to support a judgment for insured.

APPEAL by defendant from *Nettles, J.,* at June Term, 1946, of GUILFORD.

Civil action instituted in the municipal court of Greensboro to recover on a policy of insurance against loss by theft.

On 16 June, 1945, plaintiff put $97 in currency in his pocket and went on a fishing trip with a friend. The boat capsized and he was thrown in the water. After recovering his tackle, poles, and other articles of personal property in the boat, he went ashore. After emerging from the lake he, for the first time since leaving home, felt for his money and discovered that in some manner it had disappeared.

At the time, defendant had outstanding and in full force a "residence and outside theft policy" insuring plaintiff against loss by theft. It contained the following provision:

"Theft. The word 'theft' includes larceny, burglary and robbery. Mysterious disappearance of any insured property shall be presumed to be due to theft."

The plaintiff filed claim with defendant, alleging loss by theft. The claim was denied. Thereupon plaintiff instituted this action in the Greensboro municipal court and obtained judgment, from which defendant appealed to the Superior Court.

At the trial in the Superior Court defendant tendered the following issue:

"Did the plaintiff sustain the loss by theft in accordance with the terms and provisions of the policy of insurance issued to him by the defendant?"

The court declined to submit the issue tendered and defendant excepted.

It thereupon submitted two issues as follows:

"1. Did the property of the plaintiff mysteriously disappear?

"2. In what amount, if any, is the defendant indebted to the plaintiff?"

The jury having answered the first issue "Yes" and the second "$97.00," the court entered judgment on the verdict and defendant appealed.

*A. C. Davis for plaintiff, appellee.*
*Sapp & Moore for defendant, appellant.*

BARNHILL, J.    The defendant's exceptive assignments of error present two questions for decision: (1) Is there evidence, sufficient to be submitted to a jury, tending to show that plaintiff sustained a loss by theft, and (2) did the court err in declining to submit the issue tendered?

Decision of the first question requires an interpretation of the provision "mysterious disappearance of any insured property shall be presumed to be due to theft" incorporated in the policy as a part of the definition of theft.

Under the old policies it was not necessary for the insured to offer direct proof of the theft. He could, and of necessity usually did, rely on circumstantial evidence. If he was able to make proof of facts and circumstances sufficient to justify the inference of theft as the more rational hypothesis, his case was submitted to the jury. However, theft is usually committed in secret. When property is stolen it ordinarily mysteriously disappears. But all mysterious disappearances are not the result of theft. Hence, frequently, proof of the mysterious disappearance of property alone was held insufficient to support a verdict; and if there was no evidence of a breaking and entry or other circumstance pointing to theft as the more probable cause of the loss, a recovery under the policy was not permitted. Thus, the insured, under the old policies, oftentimes found his claim contested and encountered difficulty in making out a case for the jury.

This new provision, stipulating that the mysterious disappearance of insured property shall be presumed to be due to theft, was incorporated in such policies to answer the obvious objection to the old and to afford a somewhat larger measure of protection to the insured.

This more liberal definition of theft, thus provided, creates a rule of evidence binding on the parties. Proof of the mysterious disappearance of insured property, nothing else appearing, is proof of theft. Evidence excluding the probability that the property was mislaid or lost

is not required and proof of circumstances pointing to larceny as the more rational inference is not essential. It is stipulated that the inference of theft arises, as of course, upon proof of a mysterious disappearance.

This conclusion or inference is more than a mere permissive inference. Theft is to be presumed, and to presume means to take for granted until the contrary is proved, *Morford v. Peck,* 46 Conn., 380, *Green v. Maloney,* 30 A., 672, *S. v. Evans,* 41 A., 136; to deem, *Cooper v. Slaughter,* 57 So., 477; to accept as being entitled to belief without examination or proof, *Ferrari v. Interurban St. Ry. Co.,* 103 N. Y. S., 134. So then it is agreed that when insured property mysteriously disappears it shall be deemed or taken for granted that it was stolen.

But, in our opinion, it does not constitute an irrebuttable presumption. Theft is presumed or taken for granted unless the contrary is made to appear. The surrounding facts and circumstances, if any, which tend to show that the property was lost or mislaid or that its disappearance was not in fact due to theft are to be considered by the jury in arriving at a verdict, the burden of proof being at all times on the plaintiff.

What then constitutes a mysterious disappearance?

"Disappear" means to cease to be known, to be lost, Webster New Int. Dic.; to cease to appear, vanish from sight, pass away, New Cent. Dic.; and "disappearance" means removal from sight, vanishing, Webster, New Int. Dic.; the act of disappearance, a vanishing, cessation, New Cent. Dic.

So then a mysterious disappearance within the meaning of the policy embraces any disappearance or loss under unknown, puzzling or baffling circumstances which arouse wonder, curiosity, or speculation, or circumstances which are difficult to understand or explain. A mysterious disappearance is a disappearance under circumstances which excite, and at the same time baffle, wonder or curiosity. Webster, New Int. Dic.

Consideration of the testimony in the light of this interpretation of the meaning of the term as used in the policy leads us to conclude there is evidence tending to show a "mysterious disappearance" of plaintiff's money. How did it get out of his pocket? When did he cease to have it? Where did it vanish? If it was lost when plaintiff fell in the pond why did it not come to the surface where it could be seen? These are unanswered questions which tend to puzzle or baffle the mind, excite curiosity, and generate speculation as to just what did happen.

This showing alone is sufficient to repel the motion to dismiss as in case of nonsuit. If the jury shall find therefrom that the property did in fact mysteriously disappear, then such finding compels the inference of theft, unless the facts and circumstances surrounding the disappearance are such as to rebut the presumption the parties have agreed shall arise from the proof of the mysterious disappearance. This is for the jury to decide.

It is true, as argued by defendant, that inasmuch as the only person with plaintiff was a man of high character, it is plausible to conclude the money was not stolen. It is likewise possible that it was lost when he fell in the water. These are speculations or surmises generated by the circumstances surrounding the mysterious disappearance. These circumstances must be considered by the jury in arriving at a verdict. They do not, as a matter of law, rebut the presumption of theft.

But the policy is a theft policy. The hazard insured against is that of theft. It does not cover or purport to cover property mislaid or lost. Nor does it insure against any and all mysterious disappearances. It merely provides that "mysterious disappearance of any insured property shall be presumed to be due to theft."

Thus, under the issues submitted, the jury found the existence of the presumption, but not of the fact, of larceny or theft. The verdict is insufficient to support a judgment. An issue in the nature of the one tendered by defendant, which will require the jury to find specifically that the property was or was not stolen, must be submitted. To that end the case is remanded for a

New trial.