Per Curiam.

The complaint was dismissed on the merits at the close of plaintiff’s case. Plaintiff is, therefore, entitled to every favorable inference which may be drawn from the evidence. “ The facts must be viewed in the aspect most favorable to the plaintiff and every permissible inference from those facts in favor of plaintiff must be indulged ” (Meiselman v. Crown Heights Hosp., 285 N. Y. 389, 392). (See, also, African Metals *554 Corp. v. Bullowa, 288 N. Y. 78, 81.) The policy here involved covered insurance by theft; it contained a clause that ‘ ‘ Mysterious disappearance of any insured property shall be presumed to be due to theft.” It did not have the broad coverage of the policies dealt with in Holmes v. Payne ([1930] 2 K. B. 301) and Great Amer. Ins. Co. v. Weyl (94 F. 2d 31).
The claim here was for loss by theft evidenced by a “ mysterious disappearance ” and there was payment in full of the claim on that basis. Subsequently the article paid for was discovered in a place where it had been placed by one of the defendants but which she had forgotten about when the claim of theft was asserted. The article of jewelry was turned over by the insured to the insurer but the latter refused to accept it asking the return of the amount it had paid. Giving to the plaintiff the most favorable inferences to be drawn from the testimony, we hold that a prima facie case for rescission on the ground of mutual mistake was made out and it was error to have dismissed the complaint. (See Davis v. St. Paul Mercury & Ind. Co., 227 N. C. 80, Note, 169 A. L. R. 224, 257.)
The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.
Glennon, J. P., Cohn, Callahan and Shientag, JJ., concur; Dore, J., dissents and votes to affirm.
Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.