INSURANCE COMPANY OF NORTH AMERICA, a corporation, Appellant,

v.

Barbara D. RUPPERT, Appellee.

No. 2414.

Municipal Court of Appeals for the District of Columbia.

Argued July 27, 1959.

Decided Dec. 22, 1959.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellant.

Kent D. Thorup, Washington, D. C., with whom William T. Hannan, Joseph F. Castiello and Ralph F. Berlow, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

■ Appellee brought suit on an insurance contract written by appellant, and recovered judgment. A provision of the contract insured appellee against the theft of her personal property. No argument is made concerning the application of the policy assuming a loss by theft was established. The question is did appellee prove that her property was lost in that manner. The trial court found that she did and that finding is the basic error assigned. In brief, appellant maintains that the evidence does not permit an inference of theft. Although appellant has ably presented its position, we do not believe the trial court erred in its conclusion.

■ Before setting out facts sufficient to dispose of this appeal, again it should be stated that the function of this court is not to substitute its judgment on factual matters for that of the trial court. While we might have arrived at a different conclusion, our function is to determine whether that court could have reasonably based its finding upon the evidence. Appellee's husband presented her with a wrist watch in 1946. In September 1957 she was in Munich, Germany, but before leaving for Europe she had her watch examined at a local store. It was found to be in good condition and valued at $750, the amount of the judgment. On the evening of September 24 appellee dined with her husband and several relatives in a Munich restaurant. After dinner they decided to attend the "Oktoberfest." Appellee testified that she looked at her watch to determine if it was too late to go. Between 9:30 and 9:45 P.M., the party left the restaurant and took a taxicab to the fairgrounds. On arrival, they discovered a crowd of boisterous and inebriated people. The party entered one of the brewery houses and, as they edged their way through the crowd in an endeavor to find a table, appellee was grabbed and swung around by several people. Apparently it was consistent with the camaraderie of the occasion for strangers to dance with one another. Appellee's sister-in-law testified that immediately before reaching a table, she observed one man in particular grab appellee's arm, twist her about, and then suddenly disappear into the crowd. Immediately thereafter they discovered the watch was missing. Approximately thirty minutes had elapsed since appellee had last looked at her watch.

■ In contending that an inference of theft cannot be made, appellant argues that inferences must be drawn from facts, not from other inferences; and that if the evidence sustains two inconsistent theories, the party with the burden of proof has failed. That is a correct statement of law [1] but these facts preclude its application. Appellee also testified that in the years she possessed the watch she had worn it constantly and had never known it to drop from her arm, even while playing tennis. Furthermore, the evidence indicated that the clasp on the armband probably would not open without manual operation. It is true, of course, that appellee could have inadvertently lost this article. However, a court is not concerned with every conceivable possibility but rather what the evidence will establish as a reasonable probability. When this evidence is supplemented by the testimony of the eyewitness who observed the conduct of the unknown individual, only to see him immediately disappear into the crowd, then it does, we believe, permit an inference of wrongful taking, and support the trial court's conclusion.

■ Finally, appellant states, citing Levin v. Green, D.C.Mun.App.1954, 106 A.2d 136, that permitting the introduction of a German police report was to allow purely hearsay evidence. Even assuming this to be true, it does not appear that appellant was harmed by this document and we will not reverse because of it.

Affirmed.

1. United Insurance Company v. Nicholson, D.C.Mun.App.1956, 119 A.2d 925, 927–928; District of Columbia v. Vignau,

1944, 79 U.S.App.D.C. 188, 189, 144 F. 2d 641, 642, certiorari denied 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624.