## Bixler v. Adair

*John J. Stork* and *Charles W. Eaby, Jr.*, for plaintiffs.

*Joseph G. Edison, Jr.*, and *K. L. Shirk, Jr.*, for defendants.

WISSLER, P. J., February 5, 1960.—Plaintiffs filed a complaint in assumpsit against defendants to recover

a balance due under a written contract in the amount of $1,066.67.

According to the complaint, plaintiffs allege, inter alia, as follows:

"(3) That on or about May 29, 1954 the Defendants, William Adair, for himself, and on behalf of his wife, Alma E. Adair, did enter into a written contract with Rolland Bros. Co. of Reading, Pennsylvania to purchase a Universal House Trailer for the total sum of Two Thousand Nineteen and 95/100 ($2019.95) Dollars; a true and correct copy of which contract is hereto attached made a part hereof and marked Exhibit 'A'; (4) That on or about May 29, 1954 the aforesaid Rolland Bros. Co. pursuant to the aforesaid contract did sell and deliver to the Defendants, who accepted the same, a Universal House Trailer, serial number 7492439; (5) That the Defendants did promise to pay the price stated aforesaid; (6) That the Defendants did pay to Rolland Bros. Co. various amounts on account of said contract reducing the balance of money owed on account of said contract to a sum of Nineteen Hundred ($1900.00) Dollars; (7) That on or about August 26, 1954 said Rolland Bros. Co., did assign all their right, title and interest in the aforesaid contract to Howard K. Bixler and Anna R. Bixler, plaintiffs herein; (8) That the Defendants did pay to the Plaintiffs and/or his agents, various payments on account of said contract, reducing the balance of money owed on account of said contract to a sum of Ten Hundred Sixty-Six and 67/100 ($1066.67) Dollars; (9) That since on or about August 30, 1957 the defendants have ceased paying any money to the Plaintiffs toward the purchase price of said house trailer; (11) That at the time the aforesaid contract was entered into the Defendant, Alma E. Adair was a minor; (12) That on or about December 28, 1958 the Defendant, Alma E. Adair became twenty-one (21)

years of age; (13) That on or about January 6, 1959 the Defendant, Alma E. Adair gave notice to the Plaintiffs that she elected to disaffirm the contract she had with the aforesaid Rolland Bros. Co., and Plaintiffs herein; (14) That the Defendants still have in their possession the aforesaid Universal House Trailer; (15) That the Defendants are liable to the Plaintiffs for the purchase price of said trailer for the following reasons: (a) The Defendant, William Adair, was an adult when he entered into the aforesaid Contract and (b) The Defendant, Alma E. Adair, notwithstanding her election to disaffirm the aforesaid contract, has ratified said contract by retaining, living in and using the aforesaid House Trailer with her husband, William Adair, to the present time; and (17) That the Defendants are liable to the Plaintiffs for the reasonable value of said House Trailer for the following reasons: (a) The Defendant, William Adair, was an adult when he entered into the aforesaid Contract; (b) The Defendant, Alma E. Adair, has ratified the aforesaid contract by not returning said House Trailer to the Plaintiffs within a reasonable time after reaching twenty-one (21) years of age; (c) That said House Trailer is considered in law a necessary; and (d) That the Defendant Alma E. Adair, cannot return said House Trailer to the Plaintiffs or Rolland Bros. Co. in substantially the same condition as when said trailer was purchased."

It was agreed by counsel for plaintiffs and defendants that paragraphs 15(a) and 17(a) of the complaint are in error in that defendant, William Adair, was a minor when he entered into the contract in question.

Defendant, Alma E. Adair, filed the following preliminary objection in the nature of a demurrer: "Plaintiffs have failed to allege facts in their Complaint sufficient to show that the Defendant, Alma E.

Adair, is liable on the contract referred to in the *FIRST CAUSE OF ACTION* or for the reasonable value of the house trailer as alleged in the *ALTERNATIVE CAUSE OF ACTION.*"

This objection raises the following question: Does the complaint state a cause of action against defendant, Alma E. Adair?

The complaint clearly discloses that the within contract of purchase, exhibit "A", was not signed by defendant, Alma E. Adair, and that at the time of the signing of the contract by defendant, William Adair, he was not only a minor, but that his wife, Alma E. Adair, the other defendant, was likewise a minor. While plaintiffs allege that the contract of sale was executed by defendant, William Adair, acting on behalf of himself and his wife, they also allege that at the time of execution both defendants were minors. It is well settled that no general agency arises from mere marital relationship: Polka v. May, 383 Pa. 80. The amendment to Pa. R. C. P. 1030, effective July 1, 1956, requires all affirmative defenses besides those specifically enumerated in said rule to be pleaded under new matter: Gordon v. Eureka Casualty Company, 187 Pa. Superior Ct. 636, 642. This rule, however, is not applicable to the instant case as the infancy of defendant, Alma E. Adair, already appears in the pleadings and can, therefore, be attacked by preliminary objections.

The complaint clearly discloses that defendant, Alma E. Adair, on December 28, 1958, became 21 years of age and that on January 6, 1959, she gave notice to plaintiffs that she elected to disaffirm the contract with plaintiffs. A minor wife may repudiate her contract on reaching her majority within a reasonable time, such as clearly was done in the case at bar: Campbell v. Sears, Roebuck & Co., 307 Pa. 365. However, the

exercise of such right by the wife does not affect the liability or contractual obligation of her husband as a party to the same contract: Wharen et ux. v. Funk et ux., 152 Pa. Superior Ct. 133.

It is the contention of plaintiffs and it is so alleged in paragraph 15(b) of the complaint that defendant Alma E. Adair, notwithstanding her election to disaffirm the contract, has ratified said contract by retaining, living in and using the house trailer with her husband, William Adair, to the present time. It is true that a minor may enter into valid contracts for necessities. What the term "necessities" includes may not always be too clear. The term is a relative one. But an infant cannot bind himself even for necessaries when he has a guardian or parent to supply his wants: Guthrie v. Murphy, 4 Watts 80. It would, therefore, seem that a minor wife cannot bind herself on a contract for shelter and lodging when she has a spouse who is under legal duty to supply them for her. Especially is this true where, as in the instant case, the alleged contract was admittedly made by the minor husband on his own behalf and as agent for his minor wife. If the actual agency agreement may be repudiated by the minor without any liability, so may any contracts made for her by the agent. The reason for this is that the agent's acts are the acts of the minor and have the same legal effect. It follows, therefore, that any act of agency on the part of William Adair for Alma E. Adair, his wife, would relieve her from any liability upon her election to disaffirm the contract as plaintiffs allege she did. One deals with minors, except for necessaries, at his own risk.

And now, February 5, 1960, for the foregoing reasons, the court sustains the preliminary objection and dismisses plaintiffs' cause of action in their complaint as it applies to defendant, Alma E. Adair.