Madeleine AUSTIN, Appellant,

v.

AMERICAN CASUALTY COMPANY,
Appellee.

No. 3278.

District of Columbia Court of Appeals.

Argued July 15, 1963.

Decided Sept. 17, 1963.

Rehearing Denied Oct. 7, 1963.

John Wattawa, Washington, D. C., for appellant.

Sol Friedman, Washington, D. C., with whom Leonard L. Lipshultz and Hyman L. Rosenberg, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Under a "Homeowners Policy" of insurance issued by appellee, appellant was insured against loss by "Theft, meaning any act of stealing or attempt thereat." Thereafter, for an additional premium, appellant was given "Extended Theft Coverage" which, in addition to deleting an exclusion in the policy, amended the meaning of theft so as to read: "Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semiprecious stone from its setting in any watch or piece of jewelry)."

The issue here is whether the trial court was in error in denying recovery under the policy of the value of a bracelet which disappeared under the following circumstances.

On January 10, 1962, the insured left her apartment at the Sheraton-Park Hotel and attended a luncheon at a restaurant on Connecticut Avenue where a friend admired the bracelet. After lunch the insured proceeded down Connecticut Avenue to a store and when she entered the store she was aware of the presence of the bracelet. After trying on numerous coats, the insured left the store and attempted to get a taxicab. Failing in this she took a bus back to the Sheraton-Park Hotel. She walked

from the bus stop to the hotel and entered her apartment. She did not again leave the apartment that day or the following day. On January 12, while preparing to go to a luncheon, she discovered the bracelet was missing. A diligent search of the apartment failed to turn up the bracelet. Insured immediately notified the store where she had tried on coats, the bus company, and the District Police Department. She advertised in three newspapers and had her loss reported over the radio. The morning after the broadcast a young boy telephoned the insured and said he had found the bracelet. Insured arranged to meet him in the lobby of the hotel, but the boy never appeared, and later the same day he called again and said he did not have the bracelet but had thought up the scheme as a joke. The bracelet was never found.

Beginning with Davis v. St. Paul Mercury & Indem. Co., 227 N.C. 80, 40 S.E.2d 609, 169 A.L.R. 220 (1946), there have been numerous cases dealing with the "mysterious disappearance" provision, but we do not find in the cases any clear-cut standard for determining liability under such provision.[1] In most of the reported cases the wording of the provision is that mysterious disappearance shall be "presumed to be due to theft" and a number of the cases discuss the legal effect to be given this contractual presumption. In our case the word "presumption" is not used. Mysterious disappearance is simply included in the meaning of theft.

■ Although, as we have said, the cases supply no standard for determining

liability, we find that they do establish that the addition of the words, "mysterious disappearance," to a theft policy does not transform it to an "all loss" policy covering lost or mislaid articles. It remains a theft policy. But the cases agree that the addition of "mysterious disappearance" to a theft policy must be of some benefit to the insured, for otherwise those words would serve no useful purpose. The rider adding mysterious disappearance to the instant policy required an additional premium and purported to give "Extended Theft Coverage." If the policy remains a theft policy, what is the extended benefit or coverage?

■ It will not do to say that the addition of the "mysterious disappearance" provision enables the insured to prove theft by circumstantial evidence, because that could always be done.[2] These words must give the insured something more. Our reading of the cases convinces us that the mysterious disappearance addition to the theft policy reduces the quantum of proof necessary to establish a theft by permitting a finding of theft from proof of a mysterious disappearance under circumstances which suggest the probability of theft. Thus recovery is generally allowed where the article disappears from some place where the insured has left it, either intentionally or unintentionally. Disappearance under these circumstances suggests a probability that the article was taken by a thief. On the other hand, recovery is generally disallowed where the owner has no recollection of when he last had posses-

1. Deckler v. Travelers Indem. Co. (La. App.), 94 So.2d 55; Loop v. United States Fidelity & Guaranty Ins. Co. (La. App.), 63 So.2d 247; Caldwell v. St. Paul Mercury & Indem. Co., 210 Miss. 320, 49 So.2d 570; Casey v. London & Lancashire Indem. Co., 3 Misc.2d 918, 160 N.Y. S.2d 114, aff'd 5 A.D.2d 724, 168 N.Y.S. 2d 692; Levine v. Accident & Cas. Ins. Co., 203 Misc. 135, 112 N.Y.S.2d 397; Sigel v. American Guarantee & Liability Ins. Co., 173 Pa.Super. 434; 98 A.2d 376; Gordon v. Eureka Cas. Co., 187 Pa.Super.

636, 146 A.2d 379; Ruby v. Farmers Mutual Automobile Ins. Co., 274 Wis. 158, 79 N.W.2d 644. See Kelly "Mysterious Disappearance" Defined, 28 Insurance Counsel Journal 72 (1961), wherein all the foregoing cases are discussed.

2. Insurance Co. of North America v. Ruppert, D.C.Mun.App., 156 A.2d 796. See also, Hamill v. Fidelity & Cas. Co. of N. Y., 104 Pa.Super. 602, 159 A. 205, and cases there cited.

sion of the article and cannot say when or from what place the article disappeared. Such circumstances suggest the probability that the article was lost or mislaid rather than stolen.

■ In the instant case the insured's testimony, in summary form, was that she knew she had the bracelet at the luncheon on January 10th and was "aware" she had it when she entered the coat shop, but she did not recall noticing the bracelet after entering the shop. At the shop she spent some time trying on coats, then left and attempted to hail a cab, walked to a bus stop, rode a bus to the stop nearest to her home, walked from the bus stop to her home, changed her clothes, and did not miss the bracelet or realize it was gone until almost 48 hours later.

We hold there was no error in the trial court's finding that this testimony did not indicate or suggest the probability that the bracelet was stolen and in ruling that the insured was not entitled to recover.

Much reliance is placed by the insured on the recent case of Englehart v. Assurance Co. of America, (La.App.), 139 So.2d 108 (1962). That case goes beyond any of the other cases on the subject and holds that the policy there in issue "insured against any and all mysterious disappearance" and proof of a mysterious disappearance entitled the insured to recover without the necessity of any showing that the loss was either "possibly or probably" due to a theft. We are unwilling to follow the reasoning of that case.

Affirmed.