160 So.2d 314 (1964)
Ethel S. MIDLO
v.
INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY.
No. 1304.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1964.
James C. Murphy, Jr., of Sessions, Fishman, Rosenson & Snellings, New Orleans, for defendant-appellant.
Rene Lehmann, New Orleans, for plaintiff-appellee.
Before McBRIDE, CHASEZ and TURNER, JJ.
PAUL E. CHASEZ, Judge.
Plaintiff, Mrs. Ethel S. Midlo, sues her insurer, Indiana Lumbermens Mutual Insurance Company, to recover $1,000.00, the maximum coverage afforded under the insurance policy issued by defendant, for the loss of her diamond engagement ring, claimed to have occurred by "mysterious disappearance" within the meaning of the policy.
From a judgment in plaintiff's favor, defendant appeals.
The record shows that Mrs. Midlo, about to be X-rayed at a hospital preparatory to an operation, gave the ring to her husband on or about July 14, 1962. Mr. Midlo drew his handkerchief through the ring and placed ring and handkerchief in his pocket. He changed handkerchiefs, transferring the ring to the new handkerchief, a day or two *315 later at his home. On the morning of July 18, 1962, the ring and handkerchief were missing from his pocket when he visited his wife at the hospital. Mr. Midlo does not, of course, know what happened to the ring and handkerchief nor precisely when they disappeared.
Mysterious disappearance was early defined in Davis v. St. Paul Mercury & Ind. Co., 227 N.C. 80, 40 S.E.2d 609, 169 A.L.R. 220, 223 (1946), followed in Loop v. United States Fidelity & Guaranty Ins. Co., 63 So.2d 247 (La.App.1953), and Deckler v. Travelers Indemnity Company, 94 So.2d 55 (La.App.1957), as "* * * any disappearance or loss under unknown, puzzling or baffling circumstances which arouse wonder, curiosity, or speculation, or circumstances which are difficult to understand or explain. * * * a disappearance under circumstances which excite, and at the same time baffle, wonder or curiosity."
In the Davis case the assured claimed for money which he had had in his pocket, which had disappeared while assured was on a fishing trip during which he fell into the water. The jury there found there was a "mysterious disappearance"; on appeal however, the North Carolina Court decided that the presumption of theft resulting under the policy there in question was not irrebuttable, and that the further question, whether the disappearance occurred by theft within the meaning of the policy, should also have been submitted to the jury. The policy language was "mysterious disappearance * * * shall be presumed to be due to theft."
The policies in the Louisiana cases cited above contained similar language. In Deckler the language was "Mysterious disappearance of any insured property, except a precious or semi-precious stone from its setting in any watch or piece of jewelry, shall be presumed to be due to theft."
A different policy wording was present in Englehart v. Assurance Company of America, 139 So.2d 108 (La.App.1962). The insurer agreed "to pay for loss by theft or attempt thereat or mysterious disappearance"; and there was a later provision excepting from coverage "loss by mysterious disappearance of a precious or semi-precious stone from its setting in any piece of jewelry." The court concluded from this wording that mysterious disappearance was a separate hazard covered by the policy, apart from theft; and that any mysterious disappearance, even one under circumstances negating the possibility of theft was covered by the policy. The plaintiff there visited his daughter in Baton Rouge for one day, and last remembered seeing his ring on a dresser at his daughter's home that night; the following morning his son-in-law drove him to the airport where he flew to Shreveport, and then took an airport limousine to his home. He left the suit he wore to be cleaned at a Shreveport cleaners. The next day he realized his ring was missing. Thorough searching failed to turn it up; the cleaner's employee testified it was not in the suit when left for cleaning. The court held the ring had mysteriously disappeared.
In the present matter the policy is worded much like the Englehart policy. It insures against "perils as defined hereunder," including "Theft, including attempted theft, mysterious disappearance, larceny, burglarly, robbery * * *"; and later excepts "loss by mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry." Theft is, by this policy, defined so as to include attempted theft (which is of course not in fact theft) and mysterious disappearance (which may or may not be in fact theft), etc. We believe the theory of the Englehart case, namely that the possibility or probability of theft need not be shown, is applicable to this policy, and that mere proof of mysterious disappearance will establish plaintiff's right to recovery.
The only question, then, is whether the evidence establishes a mysterious disappearance. We believe it does. It shows *316 that Mr. Midlo went about his affairs for a day or two after having placed the ring on a handkerchief in his pocket; that when he went to remove the ring and handkerchief they were not where he put them; they had disappeared. When and how they disappeared is unknown, and must remain unknown, and forever a source of wonder and curiosity. We take the mysterious disappearance clause contained in the present policy to eliminate the necessity of speculating upon and weighing the probabilities of various conceivable explanations of such a disappearance.
The judgment appealed from is therefore affirmed at defendant's cost.
Affirmed.