LUCILLE ORENSTEIN, as Administratrix of the Estate of STEPHEN ORENSTEIN, Plaintiff, *v.* UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant.

Fourth Department, June 27, 1969.

*Gary L. Orenstein* for plaintiff.

*Melvin & Melvin* (*Thomas W. Higgins, Jr.*, of counsel), for defendant.

MOULE, J. This is an action commenced pursuant to CPLR 3222 by submission of an agreed statement of facts. Under an insurance policy issued by defendant, plaintiff seeks to recover for the loss of a diamond from its setting.

On about the first weekend in August, 1965, plaintiff went to the Officers' Club at the Dover Air Force Base, Dover, Delaware, to attend a social function. Upon leaving for the dinner party, plaintiff was wearing two diamond rings on the third finger of her left hand. Following the social function, plaintiff and her husband left the club to return home at approximately 1:00 A.M. Upon returning to their apartment at Hawthorne Drive, Dover, Delaware, plaintiff and her husband were invited to a neighbor's apartment for breakfast. Upon later returning to her home plaintiff, for the first time, discovered the stone in one of the rings she was wearing on her finger was missing from its setting.

Plaintiff immediately reported the loss to her husband who called the Officers' Club to report the loss. A check of the Officers' Club was made the following morning, but the stone was not found and has not been located as of this date. A thorough search of plaintiff's apartment and the neighbor's apartment proved futile. A claim was made to defendant insurance company under a policy issued by defendant to the plaintiff. The policy contained the following clause: " J. THEFT (including pilferage, larceny, burglary, robbery, holdup and embezzlement, meaning any act of stealing or attempt thereat; or mysterious disappearance, provided the insured shall immediately notify the proper military authorities or police having jurisdiction over the place of loss."

The sole issue is one of law and that is whether or not based on the facts the plaintiff's loss was a " mysterious disappearance " under the policy.

There are only two New York cases interpreting the words " mysterious disappearance ". They are *Levine* v. *Accident & Cas. Ins. Co.* (203 Misc. 135) and *Casey* v. *London & Lancashire Ind. Co. of America* (5 A D 2d 724). The " mysterious disappearance " clause was the same in both these cases. It stated: " The word ' theft ' includes larceny, burglary and robbery.

Mysterious disappearance of any insured property, except a precious or semi-precious stone from its setting in any watch or piece of jewelry, shall be presumed to be due to theft.''

In *Levine* v. *Accident & Cas. Ins. Co. (supra)*, the plaintiff left his ring on a washstand in a theatre. The next day when he returned, the ring was gone. The court held that '' mysterious disappearance '' meant a disappearance which was unexplainable, unaccountable, or which occurred in an unknown manner. Since there was no explanation of what happened to the ring after it was left on the washstand, the court held that it was a mysterious disappearance. However, this case is unlike the one before us as there the ring disappeared from a definite place where it was left, and was not lost or mislaid. The circumstances also suggested theft since it could have been taken by anyone who went into the washroom after plaintiff left.

In *Casey* v. *London & Lancashire Ind. Co. of America (supra)*, the plaintiff placed his ring in the side pocket of his pants while he was at a doctor's office. While in that office he underwent treatment which required him to lie on a medical table in various positions. After leaving, he walked down the street about three hundred feet to a newsroom, bought a paper, read it for about 15 or 20 minutes, and then went to the restroom at the rear of the newsroom. At this point he discovered his ring was missing. He retraced his steps but a diligent search failed to turn up the ring. The court held that this did not constitute a mysterious disappearance and stated that the clause did not cover the mysterious inability to find lost property.

Plaintiff in this case contends that there is no necessity of showing circumstances pointing to theft. He cites four out-of-State cases in support of this contention. They are: *Hammontree* v. *Central Mut. Ins. Co.* (385 S. W. 2d 661 [Mo.]), *Michigan Millers Ins. Co.* v. *Geller* (168 So. 2d 204 [Fla.]), *Englehart* v. *Assurance Co. of America* (139 So. 2d 108 [La.]) and *Midlo* v. *Indiana Lumbermen's Mut. Ins. Co.* (160 So. 2d 314 [La.]). The mysterious disappearance clauses in these cases were substantially as follows: '' Theft, meaning any act of stealing or attempt thereat or mysterious disappearance (except mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry).''

All four cases held that a mysterious disappearance was one under circumstances which were unknown and baffling and that the circumstances need not suggest theft. We cannot agree with these decisions, particularly since the coverage for mysterious disappearance comes under the theft coverage part of the policy.

In any event, the policies in those four cases were different from the policy before us. In those cases the policies specifically excepted coverage for loss of stones from settings. The court in two of those cases felt that this exclusion would not have been necessary if a showing of possibility of theft was required for mysterious disappearance and that, therefore, there was no necessity for showing the possibility of theft. In the present case, of course, there is no such exclusion for loss of a stone from a setting.

Defendant contends that a "mysterious disappearance" is one involving a disappearance of property from a clearly identified location under circumstances that suggest theft as a logical explanation. Defendant cites *Casey* v. *London & Lancashire Ind. Co. of America (supra)* and two out-of-State cases, *Austin* v. *American Cas. Co.* (193 A. 2d 741 [D. C.]) and *Brier* v. *Mutual Ins. Co. of Hartford* (213 A. 2d 736 [Conn.]) in support of its contention. The mysterious disappearance clause in these last two cases was similar to the one in the out-of-State cases cited by plaintiff. In each case, it was held that there must be a probability of theft in order to constitute mysterious disappearance.

The policy is more favorable to the insured in the case before us than in *Casey* v. *London & Lancashire Ind. Co. of America* (5 A D 2d 724, *supra*). Under the policy in that case, the insured had to prove theft and was given a presumption of theft by showing mysterious disappearance but the insurer could rebut that presumption.

Under the policy here, the insured need not prove theft but proof of mysterious disappearance is required. However, the location of the phrase in the policy and the provision for immediate notification of the authorities having jurisdiction over the place of loss indicate that the loss must be from a certain defined place and under circumstances suggesting the possibility of theft to constitute mysterious disappearance under the policy.

Since plaintiff has not shown any possibility of theft, judgment should be granted in favor of defendant.

GOLDMAN, P. J., DEL VECCHIO, MARSH and GABRIELLI. JJ.. concur.

Controversy unanimously determined in favor of defendant. without costs.