**Richard F. SPRAU and Doris E. Sprau, Plaintiffs,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY, a corporation, Defendant.**

**Civ. No. 1797.**

United States District Court,
D. Montana,
Helena Division.

Feb. 12, 1970.

13. 26 U.S.C. § 6611(a) and (b) (2). See, Colt's Mfg. Co. v. Commissioner of

Libra & Bolkovatz, Helena, Mont., for plaintiffs.

Hughes & Bennett and Joseph C. Connors, Helena, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Plaintiffs' homeowners insurance policy issued by the defendant contained among its standard provisions the following:

"Theft, meaning any act of stealing or attempting thereat and, as to Coverage B (on premises), including theft of property covered from within any bank, trust or safe deposit company, public warehouse, or occupied dwelling not owned or occupied by or rented to an insured, in which the property covered has been placed for safekeeping."

An optional provision No. 5 for which plaintiff paid an additional premium read:

"*Extended Theft Coverage*: In consideration of the additional premium charged, the coverage on loss by theft is amended as follows:

(a) *Inclusion of Mysterious Disappearance*: So much of the description of the peril of theft under the caption 'Perils Insured Against,' in Section 1 of this policy, as reads: 'Theft, mean-

Internal Revenue, 306 F.2d 929, 932 (2d Cir. 1962).

ing any act of stealing or attempt thereat' is amended to read: 'Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semiprecious stone from its setting in any watch or piece of jewelry)' ".

On the day of the loss plaintiff's grandchild, age two and a half years, took two diamond rings from a table. Plaintiff noticed that the child had the rings and suggested that they should put them away. They were kept on a vanity in the bedroom. On the way to the bedroom the two stopped in a half bath where the child used the toilet. According to the evidence the child had the rings in her possession as she entered the bedroom from the half bath. At that point plaintiff told the child to put the rings away, then turned and went through the half bath and a laundry room to the dining room. As she entered the dining room she turned and found the child following her. The child was carrying one of the rings. The house was thoroughly searched but the other ring, having a market value of $910.00, was never found. Somehow the child had lost it. Nothing suggests a theft.

Plaintiff claimed the value of the ring. The claim was denied on the ground that the policy did not cover the loss.

Defendant now urges that the mysterious disappearance clause does not cover a loss unless there is something about it suggesting a possibility or probability of a theft. There is case law support for this position. Austin v. American Casualty Co. (D.C.App.), 193 A.2d 741, 12 A.L.R.3d 860 (1963); Brier v. Mutual Ins. Co., 3 Conn.Cir. 326, 213 A.2d 736 (1965); Orenstein v. United Services Auto Assn., 32 A.D.2d 227, 301 N.Y.S.2d 208 (1969).

The problem is not free from doubt but I am inclined to follow contrary authority. Michigan Millers Ins. Co. v. Geller (Fla.App.) 168 So.2d 204 (1964); Midlo v. Indiana Lumbermen's Mutual Ins. Co. (La.App.), 160 So.2d 314 (1960); Conlin v. Dakota Fire Ins. Co. (N.D.1964), 126 N.W.2d 421; Hammontree v. Central Mutual Ins. Co. (Mo. App.), 385 S.W.2d 661 (1965).

■ The bold type in option No. 5 "Inclusion of Mysterious Disappearance" says that something is to be added to the theft coverage provided by the standard terms. As indicated in the *Austin* case supra, the addition of the words "mysterious disappearance" in a policy must give something more to the insured than the right to prove a theft by circumstantial evidence because that could be done under a simple theft clause such as was contained in the standard provisions of the policy here. If some coverage was added and it surely was, I find it very difficult to find what was added unless the language is interpreted to include losses not connected with a probable or possible theft. If the intention of option 5 was to enable the policyholder to prove theft by something less than the quantum of evidence which a court ordinarily would recognize as circumstantially proving it the language used in the option gives very little clue to that intention. It is almost inconceivable that language would be chosen to create some contractual requirement of proof[1] without saying what that requirement is.

■ If plaintiff's evidence, which was the only evidence bearing on the loss, is believed then the circumstances under which the ring disappeared were baffling and the disappearance mysterious. As I read the policy that is enough.

It is ordered that plaintiff recover a judgment from the defendant in the amount of $910.00.

---

[1] Some policies do contain provisions fixing a rule of evidence. See 12 A.L.R.3d at p. 869 where contract presumption of theft arising from a mysterious disappearance is discussed.