Martin Schenck, J.
This is an appeal from a judgment of the City Court of Albany (Herzog, J.) dismissing the complaint herein. The issue arises concerning the interpretation of the following clause in a theft insurance policy: “ Theft. The word ‘ theft ’ includes larceny, burglary and robbery. Mysterious disappearance of any insured property except a precious or semi-precious stone from its setting in any watch or piece of jewelry, shall be presumed to be due to theft.”
The plaintiff was visiting a doctor for treatment in connection with a dislocated disc in his back. In the foyer of the doctor’s office he removed a large diamond ring, the conceded value of which is $2,000, and placed it in his trousers’ pocket. Thereafter, he entered the office and underwent treatment which involved his lying on a medical table in various positions. Sub *920 sequently, he left the doctor’s office and, at the time of his departure, noted that, in addition to the doctor and a nurse, there was one other person in the waiting room. The plaintiff then walked about 300 feet down the street to a newsroom. There he purchased a paper which he read for 15 or 20 minutes and then went into the rest room in the rear of the newsroom. It was at this point that he found that the ring was no longer in his pocket. In the course of the plaintiff’s testimony, it appeared that he carried change in both of his pockets and might have taken the money in payment for the newspaper from the pocket in which he had placed the ring. It was a warm day and plaintiff conceded that his hand might have been moist, thus enhancing the possibility of objects clinging to it.
The plaintiff immediately retraced his steps to the doctor’s office and subsequently gained admission thereto. He said he made a diligent search but could not find the ring. He then made a thorough search of the sidewalk and street between the doctor’s office and the newsroom. The ring was not found. An advertisement in a newspaper produced no result. The police were notified but never located the ring. Thereupon, this action was commenced to recover the amount of the policy which limits liability to $1,000.
The only authority in this jurisdiction which is remotely in point is Levine v. Accident & Cas. Ins. Co. (203 Misc. 135). In that case, the plaintiff left a ring on a washstand in a New York City theatre. When he returned the following morning the ring was missing. The court there held that there was a ' ‘ mysterious disappearance ’ ’ which permitted recovery pursuant to a clause similar to that under consideration here. The court said (p. 137) that a “ ‘ mysterious ’ disappearance is a disappearance which is unexplainable, unaccountable, or in an unknown manner. * * * Property is ‘ lost or mislaid ’ if a person cannot remember where he placed the article and therefore cannot find it. In such a case, there is no mysterious disappearance. It might have been stolen, but the presumption of theft in the policy would not apply because those facts do not establish that the property has disappeared mysteriously. However, assume that a person remembers where he placed the article. If it is not in its place when he attempts to recover it, it has disappeared in a mysterious (unknown) manner. The disappearance or vanishment from its place is unknown and unexplainable. ’ ’
It is clear from the foregoing that the court in the Levine case distinguished between a so-called “ mysterious disappear *921 anee ” and “ lost or mislaid ” property. Obviously, something more than the mere losing of property is required before a claim can be allowed under a “mysterious disappearance” clause. In the Levine case, the plaintiff remembered precisely where he had left his ring. In the case at hand, the plaintiff only knows that he placed the ring in his trousers’ pocket and then was in and out of a doctor’s office, walked some distance on the street, transacted business in a newsroom, and finally, sometime later, found that the ring was missing.
It was stipulated upon the trial that, if the doctor and his nurse were called upon, they would testify that they did not find the plaintiff’s ring and, in fact, never saw it. It appears from his testimony that the plaintiff’s hand was in and out of his pocket on at least one and possibly more occasions. The fact that other items were contained in the same pocket would indicate that, at any time during the interval between his last examination of the ring and the time he found it missing, he might have caused such a disturbance among the contents of his pocket that the ring could have fallen on the sidewalk, in the street, in the doctor’s office, or in the newsroom. From all that appears, the ring could have lodged in the cuff of his trousers, or some other part of his clothing, and fallen to the ground or floor during the interval in question, or conceivably even later.
On the basis of the uncertainty as to the last time at which the plaintiff actually possessed the ring, I think that this case is clearly distinguishable from Levine v. Accident & Gas. Ins. Co. (supra) where the plaintiff clearly remembered placing his ring on the washstand. The logical inference in the latter case was that somebody subsequently came upon the ring and took it into his possession, thus stealing it. That inference does not follow under the facts at hand.
It is true that an actual theft, as such, need not be conclusively shown to comply with the “ mysterious disappearance ” clause. Nevertheless, it is equally clear that something more must be shown than that the ring in question was either lost or mislaid. I do not agree with the argument of the plaintiff that the “ mysterious disappearance ” clause takes a claim entirely out of the realm of the basic 1 ‘ theft ’ ’ requirement for the purpose of protection against which the policy was written. The ‘1 mysterious disappearance ’ ’ clause creates a presumption which is subject to rebuttal. When that presumption is not supported by more evidence than the mere remote speculative possibility of theft that is found here, such presumption is *922 readily rebutted. The purpose of the clause is not to eliminate the element of theft, but rather to make proof of theft easier for the claimant.
In view of the stipulated testimony of the doctor and his nurse, and the testimony relative to the thoroughness of the search that was made for the ring, the strongest likelihood, in the normal course of events, is that the ring fell to the ground in some public place during an interval of some 20 minutes or more. It is manifest that the policy would not cover a loss such as that. Any inference that the doctor or his nurse might have stolen the ring is rebutted at least sufficiently to require further proof on the part of the plaintiff to this effect. Any inference concerning the other party in the doctor’s waiting room is so highly speculative as to be without probative value. As a matter of fact, the plaintiff could not recall whether that person was a man or a woman.
In view of all of the foregoing, I believe that the Trial Judge reached the proper conclusion in determining that this was not such a “mysterious disappearance ” as was contemplated by the clause in question. The Trial Judge’s opinion contained a learned review of the history of judicial interpretation of the “mysterious disappearance” clause in other jurisdictions. The following authorities cited by him contain broad discussions of the problem and, though not binding here, nevertheless, lead to a general conclusion that is consistent with my foregoing views. (Caldwell v. St. Paul Mercury & Ind. Co., 210 Miss. 320; Davis v. St. Paul Mercury & Ind. Co., 227 N. C. 80; Loop v. United States Fidelity & Guar. Ins. Co., 63 So. 2d 247 [Ct. of App., Louisiana, Feb., 1953]; Sigel v. American Guar. & Liability Ins. Co., 173 Pa. Superior Ct. 434.)
The judgment of the City Court of Albany is affirmed.