THOMAS G. CASEY, Appellant, v. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Respondent.— Appeal from a judgment of the County Court, Albany County, dismissing the complaint in an action brought to recover under a theft insurance policy containing a "mysterious disappearance" clause. The facts are fully set forth in the comprehensive opinion of Judge SCHENCK in the court below. The provision of the policy reads: "Theft. The word 'theft' includes larceny, burglary and robbery. Mysterious disappearance of any insured property except a precious or semi-precious stone from its setting in any watch or piece of jewelry, shall be presumed to be due to theft." The plaintiff claimed that his diamond ring which he had placed in the side pocket of his trousers fell out of his pocket, either in the doctor's office or in the newsstore or possibly on the street. On the basis of the plaintiff's own claim, the mysterious disappearance clause is not applicable to this case; the clause does not apply to lost or mislaid property. There is no mystery in this case as to how the ring disappeared from the place where it had been put; the plaintiff's own claim explained that the ring had fallen out of the pocket. There is a mystery only as to what happened to the ring afterwards. The plaintiff claims that there is a presumption that it had been found by someone and had been wrongfully retained by him so as to constitute larceny by the finder, under the New York statute (Penal Law, § 1300). But there is no presumption under the policy that property which concededly had been lost was found and feloniously retained by the finder. The plaintiff's attorney concedes that the mysterious disappearance clause does not apply in the ordinary case of lost property, but he argues that if the property is lost within a "limited area", and the property cannot be found upon a thorough search of that area, the mysterious disappearance clause applies. We do not find this argument persuasive, either on the facts or on the law. The area within which the property was lost, according to the plaintiff's claim, embraced a public street and that can hardly be regarded as a "limited area." Furthermore, the proof does not show a thorough search, particularly with respect to the street. In any event, the proof did not, and

could not, demonstrate that the ring had not fallen through a crevice or crack or rolled into a hidden place. Once the ring was out of the possession of the plaintiff, the possibilities as to the places into which it might have fallen or rolled were limitless. Furthermore, as a matter of law, even if it were assumed that the ring was lost in a limited area and that a thorough search did not turn it up, the mysterious disappearance clause would still be inapplicable. The clause does not cover the mysterious inability to find lost property. There is a suggestion in the plaintiff's argument that the whole of the "limited area" may be regarded as the place in which the ring was deposited and that the ring may be deemed to have disappeared from that place. We find this suggestion farfetched. The ring was not intentionally deposited in the so-called "limited area" but was deposited in the plaintiff's pocket and was lost therefrom. The subsequent inability to find the property is not covered by the theft policy even with the mysterious disappearance clause in it. Judgment affirmed, with costs. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur. [204 Misc 1106, 3 Misc 2d 918.]