**AETNA INSURANCE COMPANY,**
Plaintiff in Error,

v.

**Jack ZOBLOTSKY, Defendant in Error.**

No. 42835.

Supreme Court of Oklahoma.

March 2, 1971.

ment rendered against it in favor of Jack Zoblotsky (plaintiff below) for $565.60. The action was tried to the court without the aid of a jury. The parties will be referred to by their trial court designation.

Plaintiff was the insured in a Homeowner's Policy of insurance and filed his action to recover from the defendant insurer the value of a Masonic diamond ring. In addition to the regular coverage, the plaintiff, for an additional premium of $18.00, secured further insurance coverage in the form of an endorsement to the general policy, headed "EXTENDED THEFT COVERAGE."

The endorsement in pertinent part is as follows:

"1. Inclusion of Mysterious Disappearance: As respects only property covered under Coverage C Section 1, so much of the description of the peril of theft until the caption 'Perils Insured Against' in the form attached to this policy, as reads:

Theft, meaning any act of stealing or attempt thereat

is amended to read:

"Theft, meaning any act of stealing or attempt thereat, or mysterious disappearance (except mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry)."

The questions presented by this appeal are, (1) the construction to be given the "mysterious disappearance" provision of the endorsement, and (2) whether the circumstances would entitle the plaintiff to recover for the loss of his ring.

Plaintiff was the only witness at the trial. He testified that he had owned and worn the ring for about three years; that he owned and operated a shoe store and washed his hands numerous times each day, at which times he removed and replaced the ring; that on a day in August, 1964, when he knew he had the ring on, and after store hours, he and his wife returned home preliminary to going out and eating at a

Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for plaintiff in error.

Harry Neuffer, Oklahoma City, for defendant in error.

DAVISON, Vice Chief Justice.

This is an appeal by Aetna Insurance Company (defendant below) from a judg-

Holiday Inn restaurant and club; and that he washed his hands, cleaned up, and changed clothes. He said they went to the restaurant and club, where during the evening he had occasion to wash his hands, and then returned home and prepared for bed; that he was certain he had the ring on at the club, and his last recollection was that he had the ring when getting ready for bed; and that he customarily removed his wrist watch and ring while sleeping.

Plaintiff testified that the next morning, when he and his wife got in their automobile, he noticed that the ring was not on his finger; that they went back in the house and looked for it, and inquired at the Holiday Inn, and notified the police. The ring was never found. Plaintiff had a house maid, but he believed she was not present when he came home the preceding day, but that she could have been. The maid did work the next day.

The various provisions inserted in insurance policies for the purpose of insuring persons against loss because of "mysterious disappearance" of personal property is the subject of an Annotation in 12 A.L.R.3rd 865. There is also an exhaustive discussion of authorities dealing with this subject in Hammontree v. Central Mutual Insurance Company, 385 S.W.2d 661 (Mo. App.1965). It would serve no useful purpose to repeat this discussion of the distinguishing features of the various policy provisions and the legal effect given them. We will limit our discussion to those authorities we consider applicable to the terms of the instant policy. It appears that this is a matter of first impression in Oklahoma.

The question presented is whether under the provisions of the present policy the term "Mysterious disappearance" falls within the definition of theft and requires a showing of probable or possible theft, or is a separate risk.

In Midlo v. Indiana Lumbermen's Mutual Insurance Co., 160 So.2d 314 (La.App. 1964), the policy insured against "perils as defined hereunder," including "Theft, including attempted theft, mysterious disappearance, larceny, burglary, robbery, * * *;" and later excepted "loss by mysterious disappearance of a precious or semi-precious stone from its setting in any watch or piece of jewelry." The court defined "mysterious disappearance" as being "any disappearance or loss under unknown, puzzling or baffling circumstances which arouse wonder, curiosity, or speculation, or circumstances which are difficult to understand or explain. * * * a disappearance under circumstances which excite, and at the same time baffle, wonder or curiosity."

The court, in Midlo, relied on a prior Louisiana case (Englehart v. Assurance Company of America, La.App.1962, 139 So. 2d 108), saying "Theft is, by this policy, defined so as to include attempted theft (which is of course not in fact theft) and mysterious disappearance (which may or may not be in fact theft), etc. We believe the theory of the Englehart case, namely that the possibility or probability of theft need not be shown, is applicable to this policy, and that mere proof of mysterious disappearance will establish plaintiff's right to recovery."

In Conlin v. Dakota Fire Insurance Company, 126 N.W.2d 421 (1964 N.D.), the Extended Theft Coverage was identical to that in the present case. There the insured's luggage disappeared after he had checked it with an airline in connection with his airline passage. The court reasoned that "If the amendment to include 'mysterious disappearance' were intended to apply only to disappearances where theft was shown to be possible or probable, the exception of mysterious disappearance of a precious or semi-precious stone from its setting would be unnecessary."

The court, in Conlin, ruled out the necessity of the insured showing the loss was possibly or probably theft and affirmed insured's recovery for loss of the luggage. It held that the term "mysterious disappearance" in the policy "requires only that the disappearance" be under circumstances

falling within the definition of that term as above set out. It also justified its conclusion on the ground that the ambiguity in the insurance contract, if any exists, must be construed against the party who caused the uncertainty to exist, which was the insurance company.

In Hammontree, supra, 385 S.W.2d 661, the insurance policy and endorsement thereto was a "homeowners policy" with the same provisions as the policy in the instant case. The court, after an extensive discussion of the authorities (including Midlo and Conlin, supra), was of the opinion "that the subsequent words 'or mysterious disappearance' are not to be included in and as a part of the phrase 'meaning any act of stealing or attempt thereat' which is definitive of 'theft,' *but rather denote and identify 'mysterious disappearance' as a separate and coordinate risk."* (emphasis supplied)

■ We have held that contracts of insurance will be liberally construed in favor of the object to be accomplished, and that if the provisions of a policy of insurance are capable of being construed in two ways, that interpretation should be placed upon them which is most favorable to the insured. Continental Casualty Company v. Beaty, Okl., 455 P.2d 684.

■ It is our conclusion, upon consideration of the language of endorsement, that the term "mysterious disappearance" used therein denotes and identifies a separate and co-ordinate risk, and that there was no necessity for plaintiff to show a probable or possible theft of the ring.

Defendant relies on Austin v. American Casualty Company, 193 A.2d 741 (1963 D.C.App.), which involved a homeowners policy with terms like those in the instant case. The court held that the mysterious disappearance addition to the theft policy reduced the quantum of proof necessary to establish a theft by permitting a finding of theft from proof of mysterious disappearance under circumstances which suggest the probability of theft. We do not agree with this theory. The weight of authority and better reasoning is to the contrary.

Defendant also relies on Loop v. United States Fidelity & Guaranty Ins. Co., 63 So.2d 247 (La.App.1953), and Casey v. London & Lancashire Indemn. Co., 3 Misc.2d 918, 160 N.Y.S.2d 114, affirmed 5 A.D.2d 724, 168 N.Y.S.2d 692. These cases are distinguishable because the policy terms are different. The policies recited that "Mysterious disappearance of any insured property * * *, shall be presumed to be due to theft."

■ The question remains as to whether the plaintiff's testimony established a mysterious disappearance. The ring disappeared. When and how it disappeared is unknown and remains unknown, and is a source of wonder and curiosity. There is competent evidence to sustain the judgment of the trial court.

Affirmed.

All Justices concur.