**UNIGARD INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**John Michael STUDER and Countryside Casualty Company,**
Defendants-Appellees,

and

**Edna Landrum and William Landrum,**
Defendants-Appellants.

**No. 75–1357.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 27, 1976.

Decided June 25, 1976.

Richard D. Gibbon, of Richard D. Gibbon & Associates, Tulsa, Okl., for plaintiff-appellee.

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for defendant-appellee Countryside Cas. Co.

Floyd L. Walker, of Walker, Jackman & Associates, Inc., Tulsa, Okl., for defendants-appellants.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal from a declaratory judgment entered by the United States District Court for the Northern District of Oklahoma construing an automobile liability insurance policy issued by appellee, Unigard Insurance Company. The District Court judgment was to the effect that the driver of a non-owned automobile involved in an accident was not embraced in the Unigard coverage which had been provided in a policy written on the driver's parents' automobile. Jurisdiction is, of course, based on diversity of citizenship.

The accident occurred August 27, 1972, while John Michael Studer, who was then 16, was driving a vehicle registered in the names of Clyde and Mary Holt. The car was generally driven by their son, Edward. John Michael Studer claimed that he had the permission of young Holt to drive the vehicle. Holt was his schoolmate and friend. The Landrums, who are parties-appellants in this case, are the injured ones. It was their car that collided with the Holt car which was then being driven by John Michael Studer. A separate lawsuit has taken place in state court.

The coverage which is here challenged by Unigard was on the automobile policy issued to William J. Studer, John Michael's father. It was in effect on the day of the accident. William Studer and his wife were named insureds by the express provisions of the policy.

In pertinent part the policy gave liability and property damage coverage during the use of a non-owned automobile for any named insured as well as for any relative, provided in the latter instance his operation is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of the permission. A relative is one who is a member of the insured's household.

Subsequent to the issuance of the original Unigard policy (on August 7, 1972), John Michael Studer was specifically named in his father's policy by a student endorsement —"Other than Named Insured." There was a yearly premium of $45.00 for this. There was no explanation of the scope of the coverage for a student. It defined a student as other than the named insured or a relative who is enrolled to study at any school, college, or other educational or vocational institution.

The trial court's reasoning in holding that Unigard could not be held to have covered this incident was that John Michael Studer was not a named insured and thus could be covered only if he was driving the Mustang in question with reasonable belief that he had the owner's permission. The court then held that Edward Holt, the young man who had given Studer the keys, was not a true owner since the car was titled in the name of his father.[1]

---

1. The District Court also held that a policy issued by Countryside Casualty Co. to Clyde Holt did not cover Studer. That policy specifically excluded from coverage "any person, other than the named insured or a member of his family, under the age of twenty-five who is enrolled as a student in any school, college, university, or other educational or vocational institution." That part of the District Court's decision is not contested on appeal.

On this appeal three points are advanced:

First, that the Unigard policy covered John Michael Studer as a named insured.

Second, that Edward Holt was at least a part owner of the Mustang and that the permission given by him was legally effective.

Third, that Studer reasonably believed that Holt was the owner and that he gave permission. The appellants also point out that the trial court made no finding as to whether Studer could have reasonably believed that Holt was an owner or as to whether he had given permission to operate the vehicle.

The view that is here taken is that John Michael Studer was specifically named in the policy and was thereby covered. By so concluding, any comments that we have concerning a permission or belief that permission had been given would be superfluous.

We address ourselves to the reason for the naming of John Michael Studer as an insured. Unigard would have us hold that the endorsement was made simply to extend coverage because, according to Unigard's further argument, students had been excluded under the policy prior to the endorsement, but no such express exclusion is present. It is true that the Countryside policy had such a provision, but surely they cannot be referring to that. We find no such express exclusion in the Unigard policy. Studer was a resident of the parents' household and was attending high school. He was not away from the residence at college, for example, and so it was certainly intended that this extension of coverage by naming John Michael Studer was to give something other than that which would flow from his being a member of the Studer household.

■ We conclude, then, that since John Michael Studer was already covered by the so-called omnibus clause that surely this extension of coverage meant something. The fact that it is denominated a student endorsement does not impress the reader that it was thereby limited. Unquestionably, then, this policy is ambiguous. The terminology does tend to point in one direction, but it calls for an intricate deductive analysis and Unigard would have us adopt such an approach. This, however, is contrary to the construction rule which is almost universally accepted and which has strong acceptance in Oklahoma. We refer to the principle that ambiguity as to coverage is to be resolved in favor of the insured and against the insurer, the drafter of the insurance policy. *Aetna Ins. Co. v. Zoblotsky,* 481 P.2d 761 (Okl.1971); *Hardware Mut. Cas. Co. v. Baker,* 445 P.2d 800 (Okl. 1970); *Northwestern Mut. v. Richardson,* 470 P.2d 330 (Okl.1970); 36 O.S.A. Section 3621.

■ In summary, since John Michael Studer is specifically mentioned as an insured in the policy, we are unwilling to relegate him to a status which would give him no more coverage than he had before endorsement was made and payment was given. In our view this endorsement was not meaningless. It purported to give him insured status and we hold that it did so. Being of the opinion, then, that the ambiguity should be resolved in this manner, it is our holding that the district court erred in its determination.

Accordingly, the judgment is reversed and the cause is remanded with directions to enter judgment in accordance with the views that are expressed herein.